

# Missouri Court of Appeals

## Southern District

### Division Two

SYLVIA PAULETTA JOHNSON, )
 )
Respondent, )
 )
vs. ) No. SD35904
 )
DIRECTOR OF REVENUE, ) FILED: July 9, 2019
 )
Appellant. )

APPEAL FROM THE CIRCUIT COURT OF RIPLEY COUNTY

Honorable Thomas D. Swindle, Judge

**<u>REVERSED AND REMANDED</u>**

*Before Francis, P.J., Scott, J., and Sheffield, J.*

PER CURIAM. The Director of Revenue appeals a judgment setting aside an administrative suspension of Respondent's driving privileges. We reverse and remand because the court incorrectly applied the law in finding insufficient foundation to admit stipulated blood-alcohol content (BAC) test results.

## Background

Respondent petitioned for judicial review of an administrative suspension of her driving privileges due to driving with an excessive blood-alcohol level. The case was tried on stipulated facts summarized below.

Responding to a report of an injury crash, a highway patrol trooper found Respondent's car in the ditch with Respondent lying nearby, being attended to by emergency responders. Respondent admitted she was driving at the time of the crash and there were no other occupants in the vehicle. She stated that she had

consumed "way too many" intoxicants, but none since the crash. Respondent exhibited a strong odor of intoxicants, had watery and bloodshot eyes, and slurred her speech.

The trooper attempted to administer a preliminary breath test but Respondent did not produce a sufficient sample. Respondent was arrested for DWI and given Miranda[1] and implied-consent warnings.[2] The trooper requested a blood draw and, to quote the stipulation, Respondent "agreed to the test." A member of the ambulance crew tried three or four times to draw blood at the scene but could not do so.

Respondent was transported approximately 30 miles to the hospital, where a nurse successfully drew a blood sample and turned it over to the trooper. Testing of that sample showed Respondent's BAC to be 0.182% by weight. That result was certified in a lab report, referenced in the trooper's alcohol influence report, and stipulated to at trial.

The trial court set aside the driving suspension, finding probable cause to arrest Respondent for an alcohol-related traffic offense, but "an insufficient foundation for admission of the test result, due to [] multiple tests in excess of the number permitted by law and no implied consent."

### Discussion

The Director claims the quoted ruling was error. We agree.

We typically review evidentiary rulings for abuse of discretion. ***Vernon v. Dir. of Revenue***, 142 S.W.3d 905, 909 (Mo.App. 2004). But when, as here, "the issue before the trial court involves only stipulated facts and does not involve resolution by the trial court of contested testimony … the only question before the appellate court is whether the trial court drew the proper legal conclusions from the facts stipulated." ***White v. Dir. of Revenue***, 321 S.W.3d 298, 308 (Mo. banc 2010). "In such cases, the issue is legal, and there is no finding of fact to which to defer." ***Id***.

---

[1] ***Miranda v. Arizona***, 384 U.S. 436 (1966).
[2] *See* § 577.041.2; ***Carvalho v. Dir. of Revenue***, SC97394, slip op. at *12-16 (Mo. banc March 19, 2019, as modified April 30, 2019).

The parties argue at some length whether multiple blood-draw attempts should be treated the same or differently than our courts have treated multiple attempts to collect a sufficient breath sample for breathalyzer testing. We need not reach that issue because this is not an implied consent/refusal case.

The record does not show that Respondent ever refused to submit requested samples, whether breath or blood. Nor does Respondent argue, or the record show, that she ever withdrew her affirmative consent to a blood draw or objected to the blood draw at the hospital. Her suspension was based on her arrest and the BAC test result, not implied consent and refusal to submit to testing. "Nothing in Missouri law or in the due process clause required the officer to tell [Respondent] the consequences of taking the breath test, to which [s]he had already had [sic] consented by driving on Missouri's roads." ***Carvalho***, slip op. at *2.

The court did not indicate what law it thought would require exclusion of Respondent's stipulated test result. Chemical BAC analysis generally is admissible in license-suspension cases. *See* § 577.037.1. The parties discuss § 577.020.2, yet that expressly applies only to "implied consent to submit to the chemical tests listed in subsection 1...." The parties do not cite, and we are not aware of, any law that limits consensual attempts to obtain a sufficient sample.[3]

## Conclusion

On these stipulated facts, the trial court erred as a matter of law in refusing to admit the BAC test results. We reverse the judgment and remand the case for further proceedings consistent with this opinion.

---

[3] Respondent points out that the inability to successfully draw her blood at the accident scene was not her fault. It was not the trooper's fault either. Absent some claim or indication that Respondent withdrew her stated consent, we are reluctant to arbitrarily limit consensual attempts to obtain an adequate sample. For one thing, to do so would subject law enforcement's ability to gather crucial evidence to the skill of the person drawing the blood, sometimes under less than ideal roadside conditions.

3